IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | |
| | ) | 4:05cv3164 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CALVIN HAYWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

In filing no. 7, the plaintiff, Billy Tyler, has filed a Notice of Appeal from filing no. 6, the Prisoner Payment Order in which Magistrate Judge F. A. Gossett denied the plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP"). Because the plaintiff may not appeal directly to the Court of Appeals from an Order by a Magistrate Judge, I construe filing no. 7 as a Statement of Appeal to the district court from Magistrate Judge Gossett's Order.

An order by a magistrate judge in a nondispositive matter can be set aside only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A decision is clearly erroneous "where although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." United States v. U.S. Gypsum Co., 68 S. Ct. 525, 542 (1948). See also United States v. Williams, 77 F.3d 1098 (8th Cir. 1996).

Magistrate Judge Gossett denied the plaintiff's Motion for Leave to Proceed IFP because under the Prison Litigation Reform Act ("PLRA"), IFP status shall not be granted to a prisoner who:

> has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

1

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (PLRA "three strikes provision").

The records of this court show that the plaintiff, a prisoner, has filed far more than three complaints which have been dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted. Therefore, the "three strikes provision" applies to the plaintiff, and he may not proceed IFP unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Magistrate Judge Gossett found that no such imminent danger of physical injury is apparent from the plaintiff's complaint. I agree with, and affirm, the findings and conclusions of Magistrate Judge Gossett, and I affirm the denial of the plaintiff's Motion for Leave to Proceed IFP.

THEREFORE, IT IS ORDERED:

1. That filing no. 7 is construed as an appeal to the district court from filing no. 6, the Prisoner Payment Order in which Magistrate Judge Gossett denied the plaintiff's Motion for Leave to Proceed IFP;

2. That filing no. 7 is denied; filing no. 6 is affirmed; and

3. That if the plaintiff has not paid the $250 filing fee by September 1, 2005, this case will be subject to dismissal without further notice.

August 12, 2005.   BY THE COURT:

/s *Richard G. Kopf*
United States District Judge